UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

MAX GREAT TECHNOLOGY CO., LTD.,

          Petitioner,

- against -

MAXRAY OPTICAL TECHNOLOGY CO., LTD.,

          Respondent.
------------------------------------------------------X

MEMORANDUM
OPINION AND ORDER

13 Civ. 6982 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/17/14

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

        On October 2, 2013, Max Great Technology Company Limited filed a petition to confirm an arbitration award against Maxray Optical Technology Company Limited pursuant to Section 9 of the Federal Arbitration Act.[1] On November 8, 2013, service of the summons and petition was made on Respondent. Respondent did not answer the petition or otherwise respond. An unanswered petition to confirm an arbitration award is properly considered an unopposed motion for summary judgment.[2]

---

[1]     9 U.S.C. § 1 et seq.

[2]     *See D.H. Blair and Co., Inc., v. Gottdiener*, 462 F.3d 95, 109-10 (2d Cir. 2006).

1

I.  **BACKGROUND**

This arbitration arose out of a September 1, 2009 agreement between the parties for the exchange of common stock.[3] In 2010, Petitioner "became concerned over several material misstatements and omissions contained in Respondent['s] public filings, as well as the issuance of approximately 3.5 million free trading shares of Respondent to . . . an undisclosed debtor."[4] Petitioner failed to resolve the issue directly with Respondent, and filed a demand for arbitration with the International Centre for Dispute Resolution ("ICDR") pursuant to an arbitration provision in the written agreement.[5] Respondent initially refused to participate in the arbitration proceedings, but eventually appeared at a scheduling conference where the arbitration panel set dates for the second phase of the arbitration.[6] After a lengthy discovery period, the parties and panel agreed on final hearing dates of July 30, 2013 through August 2, 2013.[7]

In the interim, Petitioner "moved for the imposition of sanctions

---

[3] *See* 10/2/13 Petitioner's Memorandum of Law in Support of Petition to Confirm Arbitration Award ("Pet. Mem."), at 1.

[4] *Id.* at 2.

[5] *See id.*

[6] *See id.* at 3.

[7] *See id.*

2

against Respondent . . . for its flagrant disregard of the Panel's scheduling orders and the ICDR's rules."[8] On July 16, 2013, the arbitration panel awarded Petitioner $87,206.84 in sanctions and costs ("Partial Final Award").[9] The final hearing began on July 30, 2013. Respondent failed to appear, but Petitioner asked the panel to dismiss the arbitration proceeding with prejudice "due to a favorable resolution of a collateral matter proceeding" in Taiwan as to the enforceability of the underlying agreement.[10] On August 2, 2013, the arbitration panel dismissed the arbitration and issued its final award of $102,160.84, an amount incorporating the Partial Final Award.[11]

## II. DISCUSSION

"Default judgments in confirmation/vacatur proceedings are generally inappropriate. A motion to confirm or vacate an award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision

---

[8] *Id.*

[9] *See* Partial Final Award on Claimant's Motion for Sanctions, Ex. B to Pet. Mem. ("Partial Final Award"), at 12.

[10] Pet. Mem. at 4.

[11] *See* Decision and Final Award, Ex. C to Pet. Mem. ("Decision and Final Award"), at 3-4.

3

itself. . . . . [T]he judgment the court enters should be based on the record."[12] "[E]ven where a non-moving party fails to respond to a motion for summary judgment, a court 'may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial.'"[13]

"Confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court and the court must grant the award unless the award is vacated, modified, or corrected."[14] "The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'"[15] "Only 'a barely colorable justification for the outcome reached' by the arbitrators is necessary to confirm the award."[16] The court must enter judgment for the party seeking to confirm the award unless the

---

[12]  *D.H. Blair*, 462 F.3d at 109.

[13]  *Id.* at 110 (quoting *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 375 F.3d 241, 244 (2d Cir. 2004)).

[14]  *Id.* (citations omitted).

[15]  *Id.* (quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).

[16]  *Id.* (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Service Employees Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).

opposing party shows that the award was based on a manifest disregard for the law.[17]

For the following reasons, the petition to confirm the arbitration award is granted. *First*, Petitioner has sufficiently shown that there is no question of material fact and Respondent has offered no opposition and has not raised any questions of fact. *Second*, the arbitration panel sufficiently justified its conclusion as to the Partial Final Award by finding that "at virtually every step [in the second phase of the arbitration], Respondent either failed totally to comply with the schedule and deadlines established by [the panel] or provided such belated and minimal participation and cooperation as to effectively obstruct the preparation of the case for hearing."[18] The panel noted that Respondent "failed to interpose its Answering Statement . . . , failed repeatedly to meet discovery deadlines . . . , failed for an extended period of time to interpose the witness statements . . . . [and] failed to participate in status and compliance conferences in the case."[19] The panel further explained at length why it was not awarding Petitioner's "overstated"

---

[17] *See Wilko v. Swan*, 346 U.S. 427, 436-37 (1953).

[18] Partial Final Award, at 6.

[19] *Id.*

5

request for $291,132.55 in sanctions, costs and fees,[20] ultimately awarding $34,849.00 in sanctions and an additional $52,357.84, representing eighty percent of fees and costs, for a total amount of $87,206.84.[21] The August 2, 2013 Decision and Final Award incorporated this amount and awarded Petitioner an additional $14,953.39, representing fifty percent of subsequent fees and costs, for a Final Award of $102,160.84.[22] Absent any submission from Respondent, this Court has not found a manifest disregard for the law or any other reason why the motion to confirm should be denied.

For the foregoing reasons, the petition to confirm the arbitration award is hereby GRANTED. Respondent must also reimburse Petitioner for reasonable attorneys' fees and litigation expenses incurred in connection with this proceeding. Petitioner is directed to file a request for fees and costs within ten (10) days of receipt of this Order. Respondent may respond within seven (7) days of receipt and Petitioner may reply within seven (7) days thereafter.

---

[20] *Id.* at 9-11.

[21] *See id.* at 12.

[22] *See* Decision and Final Award, at 3-4.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         January 17, 2014

## Appearances

**For Petitioner:**

Jenny D. Johnson-Sardella, Esq.
Mark David Hunter, Esq.
Leser Hunter Taubman & Taubman, PLLC
225 University Drive
Coral Gables, FL 33134
(305) 629-8816

**Respondent (address of Registered Agent for Maxray Optical Technology Co. Ltd.):**

The Company Corporation
2711 Centerville Road, Suite 400
Wilmington, DE 19080